[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6780
The plaintiffs by amended complaint, dated January 29, 1998, claim in count one, ownership of a record right of way and, in count two, a right of way by adverse possession. By answer to the amended complaint, dated January 31, 1998, the defendants' contest the plaintiffs' claims, alleging that count one is time barred and has counterclaimed adverse possession ousting the plaintiffs from any alleged right of way. The plaintiff by answer dated February 25, 1998, denies the allegations set forth in the defendants' special defense and counterclaim.
The court, after full trial duly held, by a preponderance of the credible, relevant and legally admissible evidence and the reasonable, rational, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiffs are the owners of an unimproved lot of land, known as the Rochette property which consists of approximately 10 acres located partly in Old Saybrook and partly in Essex. The property has no direct frontage on any road.
The subject property, owned by the plaintiffs, is more particularly described in a deed recorded on the Old Saybrook land records in Volume 192 at page 699, as follows: "A tract of land situated in the Ferry District, so called, in the Town of Old Saybrook, bounded on the North by land now or formerly of George Conklin; on the East by land now or formerly of Alpheus Parker; on the West by land now or formerly of the heirs of Daniel Griswold; containing 12 1/2 acres, more or less, with theordinary right of way for passing and repassing to and from said lot tothe highway that was always used by the owners of said tract of land. (emphasis added).
There is no question that the plaintiffs have a recorded deeded right of way to their property. The question to be determined by the court is the extent of and the location of the right of way.
Where the right of way is not described as to location and extent, the court looks to the usage made by the owners of the dominate estate in the exercise of the right of way as to locale and extent.
The defendants are the owners of lots in a sub-division abutting the plaintiffs property. The defendants have access to their respective lots over a private road, 40' wide, which was constructed as part of the sub-division.
The court finds that the plaintiff and other predecessors in title to CT Page 6781 the Rochette lot, over the years, customarily utilized what is now a portion of the 40' private street leading to the defendants property. The court further finds that the plaintiffs and their predecessors also used that portion of land at the end of the current private street located along the western border of the defendant Sourignamath land, and measuring approximately 84 feet by 15 feet as access to their property.
Accordingly, the court finds that the plaintiffs have a record right of way to access their land known as the Rochette lot.
Further, the court finds that by custom and use the plaintiffs have established the locale of the right of way as being over the westerly portion of the 40' private road used as access to the defendants property with an addition extension of the right of way beyond the private street at the west border of the Sourignamath property, where the right of way measures 84' x 15'.
Therefore, judgment may enter for the plaintiffs, on count one of the amended complaint, establishing the right of way as found above. Count two of the amended complaint is dismisses since the court found a record right of way. Judgment may enter for the plaintiff on the defendants counterclaim. The plaintiff is to recover costs.
SPALLONE JUDGE TRIAL REFEREE